UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA KNUDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-635 |
| | § | |
| DOLLAR TREE STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for summary judgement filed by defendant Dollar Tree Stores, Inc. ("Dollar Tree"). Dkt. 10. Plaintiff Linda Knudson responded.[1] Dkt. 11. Dollar Tree replied. Dkt. 12. Having considered the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

This is a premises liability case. Dollar Tree owns a store located at 5404 Broadway, Pearland, Texas 77581. Dkt. 1-3, ¶ 12 (Pl.'s Orig. Pet.). On November 15, 2016, Knudson entered the store to shop. *Id.* at ¶¶ 12–13. On her way to check out, Knudson walked through an aisle where a box was located. Dkt. 10-2, Ex. B at 6, ¶¶ 16–25 (Pl. Dep.). While proceeding through the aisle, Knudson tripped over that box. *Id.* Knudson saw the box before she fell. *Id.* at 5, ¶¶ 17–19 ("[A]s I was walking to the line . . . I seen [sic] the box."). As a result of her fall, Knudson sustained injuries. Dkt. 1-3, ¶ 15.

---

[1] Because the parties identify plaintiff as "Linda" and "Lisa," as well as "Knudson" and "Knudsen," interchangeably, the court assumes that each refers to the same individual. *See, e.g.,* Dkts. 10-12.

On February 28, 2017, Knudson sued Dollar Tree in state court for damages based on a premises liability theory. Dkt. 1-3 at 1. Dollar Tree removed to this court. Dkt. 1 at 1. Dollar Tree now moves for summary judgement asserting that Knudson cannot establish that it owed a duty to her and thus, she cannot not prove a necessary element of her cause of action. Dkt. 10 at 1.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inference in favor of the non-movant. *Envtl. Conservation Org. V. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). The Fifth Circuit has held that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgement." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (*quoting Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (internal quotations omitted).

## III. ANALYSIS

Dollar Tree argues that because Knudson has failed to establish a triable issue of fact, it is entitled to summary judgement on her claim. Dkt. 12 at 1. Knudson argues that because the necessary-use exception apples, Dollar Tree owed her a duty. Dkt. 11 at 2–3. The court will address

Dollar Tree's objections to Knudson's summary judgment evidence before analyzing the arguments. Dkt. 12 at 2.

**A.      Dollar Tree's objections**

In analyzing a motion for summary judgment, a court can consider all summary judgement evidence, including depositions, documents, affidavits, admissions or other material. Fed. R. Civ. P. 56(c)(1)–(2). However, a party may object to factual assertions in a form that would be inadmissible in trial. *Id.* Hearsay—an out-of-court statement offered to prove the truth of the matter asserted—is generally inadmissible. Fed. R. Evid. 801, 802.

Knudson tries to raise a fact issue by incorporating copies of petitions from other cases against Dollar Tree and its parent company, Family Dollar Stores of Texas, LLC ("Family Dollar").[2] The petitions show that at least three other Houstonians have sued Dollar Tree and Family Dollar for premises liability claims based on other falls in the Houston area. Dkt. 11 at 4. First, in August 2016, an invitee sued Dollar Tree after he tripped over cases of water. Dkt. 11-1, Ex. A at 3–4. Second, in October 2016, an invitee sued a Family Dollar store when she tripped over part of a product display that obstructed a pathway. Dkt. 11-2, Ex. B at 4–5. And third, in August 2017, an invitee sued Family Dollar when she tripped over a box that was behind her in an aisle. Dkt. 11-3, Ex. C at 2. Knudson argues that evidence of other falls attributable to similar conditions should be probative but not conclusive on the element of unreasonable risk of harm. *Id.* at 3 (citing *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

---

[2]Dkt. 11-1, Ex. A (Pl.'s Orig. Pet., *Gamez v. Dollar Tree Stores, Inc.*, No. 2016-51493 (333rd Dist. Ct., Harris County, Tex. Aug. 3, 2016)); Dkt. 11-2, Ex. B (Pl.'s Orig. Pet., *Alaniz v. Family Dollar Store*, No. 2016-69170 (152nd Dist. Ct., Harris County, Tex. Oct. 11, 2016)); Dkt. 11-3, Ex. C (Pl.'s Orig. Pet., *Mitchell v. Family Dollar Stores of Texas, L.L.C.*, No. 2017-55876 (113th Dist. Ct., Harris County, Tex. Aug. 21, 2017)).

Dollar Tree objects to these petitions as irrelevant, prejudicial, and as hearsay. Dkt. 12 at 2. Dollar Tree also argues that the pleadings do not constitute proper summary judgment evidence. *Id.* (citing *Wright v. Farouk Sys.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012)).

First, the petitions from other cases cannot constitute competent summary judgment evidence because they do not present specific and supported material facts. *Crowell v. Shell Oil Co.*, 481 F. Supp. 2d 797, 806 (S.D. Tex. 2007) (Miller, J.); *see also Wright*, 701 F.3d at 911 n.8 ("Just as [the nonmovant] cannot rely on [their] own pleadings as evidence to defeat summary judgment, [they] cannot rely on the pleadings filed by other plaintiffs in other cases"). Also, because the petitions deal with unadjudicated claims they contain hearsay and would be inadmissible at trial. Accordingly, the court SUSTAINS the objection and will not consider those petitions in analyzing the instant motion.

**B.     Motion for summary judgement**

Under Texas law, an invitee is a person who enters upon land owned by another with the owner's knowledge and for the mutual benefit of both themselves and the owner. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). No one disputes that Knudson was an invitee at Dollar Tree's store. Dkt. 10 at 4, Dkt. 11 at 2. The Texas Supreme Court has held that:

> [W]hen the injured party is an invitee . . . the elements of a premises [liability] claim are:
> (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). The Texas Supreme Court describes a landowner's duty as:

> a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not. Ordinarily, the landowner . . . can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains.
> [. . .]
> When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.
> [. . .]
> [I]n most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and since there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee.

*Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203–04 (Tex. 2015) (citations omitted). However, under the necessary-use exception, a landowner still owes a duty to make its premises safe even when an invitee knows of the risk, but must still use the premises and cannot avoid the risk. *Id.* at 208. If the exception applies, the landowner can still face liability if, by the exercise of reasonable care, they could have discovered the condition, its risk, and made it safe. *Id.* at 206–07 (citing *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978) (citing Restatement (Second) of Torts § 361 (1965)).

Dollar Tree asserts that it is entitled to summary judgement because it did not owe Knudson a duty to make safe or warn. Dkt. 10 at 1. Specifically, Dollar Tree argues that it lacked a duty to make safe or warn because Knudson knew about the box before she tripped over it. *Id.* Dollar Tree further argues that the necessary-use exception does not apply because: (a) Knudson chose to walk

5

down the aisle where the box was located; and (b) there were alternative routes she could have used. *Id.* at 4; Dkt. 12 at 4.³ Dollar Tree has shown an absence of a triable fact issue.

Now, the burden shifts to Knudson to raise a fact issue. Knudson responds that "it was necessary for [her] to use the aisle of [Dollar Tree's] store to navigate to the register." Dkt. 11 at 3. This statement is an unsubstantiated assertion, because it states a conclusion with no underlying foundation. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Knudson offers no other proof that it was necessary for her to use the aisle that contained the box. Accordingly, Knudson fails to meet her burden to raise a triable fact issue. Therefore, Dollar Tree is entitled to summary judgement. Dollar Tree's motion for summary judgment (Dkt. 10) is GRANTED and Knudson's claim is DISMISSED with PREJUDICE.⁴

## IV. Conclusion

Dollar Tree has met its burden to show an absence of any genuine issue of material fact on Knudson's claim. Knudson has failed to raise specific facts that show a genuine issue for trial.

---

³Dollar Tree cites to evidence in which Knudson purportedly concedes that she could have used other routes available to her. Dkt. 12 at 4. However, Dollar Tree failed to include that evidence in the record. The court takes judicial notice that stores typically have more than one aisle. Fed. R. Evid. 201.

⁴Dollar Tree also moved for summary judgment on the ground that Knudson failed to establish that the box constitutes an unreasonable risk of harm. Dkt. 10 at 6. However, because the court has already determined that no triable issue of facts exists as to the same claim, it need not address the alternative ground.

Accordingly, Dollar Tree is entitled to judgement as a matter of law on Knudson's claim against it. Consequently, Dollar Tree's motion for summary judgement (Dkt. 10) is GRANTED and Knudson's claim against Dollar Tree is DISMISSED with PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on June 7, 2018.

_____
Gray H. Miller
United States District Judge